IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO MANUEL RODRIGUEZ, | § | |
| #1615832, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0274-N |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Tulia Transfer Facility in Tulia, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case, pending preliminary screening.

Statement of the Case: On October 27, 2009, Petitioner pled guilty to aggravated sexual assault in Lubbock County District Court, in Cause No. 2008-420,828. Punishment was assessed at 35 years imprisonment. Petitioner did not appeal.[1]

On February 10, 2010, Petitioner filed in this court a habeas petition on the form for filing a state habeas application pursuant to art. 11.07. In four grounds, he alleged he received ineffective assistance of counsel, the evidence was insufficient, he pled guilty because counsel was unprepared to proceed to trial, and his confrontation rights were violated. (Doc. #1 at pp. 6-10).

On February 18, 2000, the court filed a deficiency order advising Petitioner that the habeas corpus petition had been submitted on the form for filing a *state* habeas corpus application pursuant to art. 11.07, Texas Code of Criminal Procedure, instead of the appropriate *federal* habeas form. The order required Petitioner to advise the court whether he intended to file his petition in state or federal court. In the event, he intended to proceed with a federal habeas corpus action, the order requested Petitioner to submit the petition on the 28 U.S.C. § 2254 form, which was enclosed with the order. (Doc. #3).

On March 5, 2010, Petitioner filed a petition on the federal habeas corpus form, which the court preliminarily construed as an intent to proceed with this federal habeas action. At paragraph twenty-three of the federal habeas form, Petitioner stated that he filed only one prior "direct appeal art. 11.07 application" and that "[i]t was filed on [sic] Jan. of 2010," approximately when petitioner mailed his art. 11.07 application to this court.

---

[1] While Petitioner states that he appealed from the judgment of conviction, he references only this court and case number. (Fed. Pet. ¶ 9.)

A call to the Lubbock County District Court Clerk's Office confirmed that Petitioner has yet to file an art. 11.07 application with the state convicting court. Thus, it appears that Petitioner intended to file a state habeas application pursuant to art. 11.07 with the state convicting court, but that it was inadvertently mailed to the federal court instead of the state court.

Findings and Conclusions:  This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2007); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. He neither appealed his conviction, nor filed a state habeas application under art. 11.07. While he intended to file a state

art. 11.07 writ, it appears that he inadvertently mailed it to the federal court instead of the state court. Therefore, his petition remains unexhausted and should be dismissed without prejudice.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[2]

Signed this 12th day of March, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[2] The court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.